# Spoul *against* Ihmsen.

The Court of Common Pleas of Allegheny county has jurisdiction to try a cause which originated in the District Court, and which was certified by the Judges into the Common Pleas on the ground that one of them was related to one of the parties and the other had been counsel in the cause.

ERROR to the Common Pleas of *Allegheny* county.

Henry Spoul against Christian Ihmsen and Thomas T. White-head.   This cause originated in the District Court, and for the reasons that one of the Judges was related to the plaintiff, and the other had been counsel in the cause while at the bar, the same was certified into the Common Pleas for trial.   Upon the argument of a plea to the jurisdiction, that court was of opinion that it could not entertain the cause, and rendered judgment accordingly for the defendants.   This was the error assigned.

*Dunlop,* for the plaintiff in error.
*Forward,* contra.

The opinion of the court was delivered by

HUSTON, J. — By an Act. passed the 8th June 1833, a District Court in the county of Allegheny was established, and by that law a suitor could commence an action for a sum or claim of any amount in either the Court of Common Pleas or in the District Court; but it is provided that the District Court shall have no jurisdiction, either originally or on appeal, except where the sum in controversy shall exceed $100.   By the 9th section any suit or

[Spoul v. Ihmsen.]

cause which shall be depending in the Court of Common Pleas of Allegheny county on the 4th Monday of July next, (1833), when the sum in controversy exceeds $100, may, at the election of either plaintiff or defendant, be transferred to the District Court, there to be heard, tried and determined, provided it be so transferred within three months from said 4th Monday of July. By section 10, " If the president of the said District Court shall be interested in any suit or action which shall be commenced in or transferred to said court, or shall have been counsel for any of the parties in such suit or action, or in any matter or thing touching the same, it shall be lawful for the said president to suggest such matter or thing on the record thereof, and to direct such suit or action to be forthwith transferred to the Court of Common Pleas, there to be tried and determined in the same manner as if the same had originally commenced in the said Court of Common Pleas, or as if the same had not been transferred therefrom." Section 11. "In all suits now pending, or which may hereafter be brought in the Common Pleas of said county, in which the president thereof may have been of counsel for either of the parties in such suit or action, it shall be the duty of the president of said Court of Common Pleas to suggest such matter on the record thereof, and to direct such suit or action to be transferred forthwith to the District Court of the county of Allegheny, there to be tried in the same manner as if the same had been originally commenced in said District Court."

Now it is obvious that such suit may be for a sum less than $100; and the 1st section of the law had said the District Court should have no jurisdiction, either originally or on appeal, except the sum in controversy shall exceed $100; yet the District Court in such case must, under the 11th section, have proceeded to try the cause. It would not have been before that court either originally or on appeal, but under the 11th section of the law, which gave jurisdiction in such case without regard to the amount in controversy. By a law of 12th June 1839, the District Court of Allegheny was to consist of two Judges, learned in the law, each of whom could try causes." The 3d section provides, " That from and after the first Monday of July next, all suits and causes depending in the Court of Common Pleas of the county of Allegheny, when the sum in controversy exceeds $100, shall be transferred to the said District Court, there to be tried and determined, and the *original* jurisdiction of the said Court of Common Pleas, and all civil actions where the sum in controversy exceeds $100, shall thenceforth cease and determine, and the same is hereby vested in the District Court." Now by the 1st section of this same law the several Acts of Assembly relating to the District Court, and not inconsistent with the provisions of this Act, are continued in force until duly altered or repealed. The 10th section of the Act first cited directs all cases in which the president is interested or has been of counsel for one of the parties, to be

[Spoul v. Ihmsen.]

transferred to the Common Pleas, and there tried and determined. In the case before us the president was interested, and the assistant Judge had been counsel in the very cause. It could not, then, be tried in the District Court. It did not come into the Common Pleas under the original jurisdiction of that court, but under the authority of the 10th section of the first cited Act of 1833, which, in the prescribed case, gives it jurisdiction of causes which did not originate before it.

The plain meaning of the 10th and 11th sections of the Act of 1833 is, that if a cause cannot be tried and decided before a Judge learned in the law, in either of the courts, such case shall be transferred to the other court for adjudication. The words " original jurisdiction," in the 3d section of the Act of 1839, are both material : a feigned issue may be ordered by the Orphan's or Register's Court, to be tried in the Common Pleas, though the amount in dispute may exceed $100; so an issue as to the facts necessary to be tried on questions as to appropriation of money levied on execution, and perhaps other cases. There was error in the decision of the court, that it had not jurisdiction : that decision is reversed and the cause remanded to the Common Pleas, to be proceeded in to trial and judgment.

Judgment reversed, and a *procedendo* awarded.